IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HERMIONE KELLY IVY WINTER, | : |
| | : |
| Plaintiff, | : |
| | : |
| | : |
| v. | : Civ. No. 20-134-LPS |
| | : |
| JOHN DOE, | : |
| | : |
| Defendant. | : |

**MEMORANDUM**

  Plaintiff Hermione Kelly Ivy Winter ("Plaintiff"), an inmate at the James T. Vaughn Correctional Center ("JTVCC") in Smyrna, Delaware, filed this action on January 29, 2020. (D.I. 1) She appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6) Plaintiff has filed a number of motions and letters. (D.I. 9, 11, 16-24) The original Complaint not yet been screened under 28 U.S.C. § 1915(e)(2).

  On April 9, 2020, the Court received a complaint without a case number and, using her newly-married name, identified Plaintiff and her husband as plaintiffs; this complaint listed more than 30 named defendants. On that same date, and based on the filing presented to the Court, the Clerk's Office properly opened a new case. *See Aliahmed v. May*, Civ. No. 20-491-LPS. In several letters, Plaintiff refers to Civ. No. 20-491-LPS and indicates that the Clerk's Office opened a duplicate case in error.

**I. MOTION FOR STAY OR CONSOLDATION**

  Plaintiff is represented by counsel in Consolidated Civ. No. 17-1322-LPS and indicates there are ongoing "active discussions of resolution." (D.I. 9 at 1) She states that "some of those if not much of those negotiations are very relevant" to this action, but believes that it could be more than

1

a year before the consolidated case is resolved.  She filed the instant action believing that issues would be time-barred if she had not done so, and indicates it is possible that she did not exhaust her administrative remedies for all issues.  She also indicates that she may wish to amend to add other ongoing claims and that she will seek counsel through a separate motion.

The motion to consolidate will be denied.  It is far from clear that the claims raised in this action are related to those in Consolidated Civ. No. 17-1322-LPS, particularly with regard to the time-frame and named defendants.

Also, the motion to stay to exhaust administrative remedies will be denied.  If an inmate wishes to file a § 1983 suit, she must first exhaust the prison's internal administrative remedies.  *See Jones v. Unknown D.O.C. Bus Driver & Trans. Crew*, 944 F.3d 478, 480 (3d Cir. 2019).  The limitations period for filing a § 1983 action is tolled during the period that an inmate spends exhausting administrative remedies.  *See id.* at 483.  Hence, Plaintiff's concern that the limitations period will expire is unfounded.  Plaintiff must exhaust her administrative remedies as to each claim she raises before seeking relief from the Court.

## II. MOTIONS FOR INJUNCTIVE RELIEF

Plaintiff has filed three motions for injunctive relief.  In the first motion (which contains the caption of this case) Plaintiff, who is housed at the JTVCC, asks the Court to transfer her to Baylor Women's Correctional Institution ("BWCI") in Wilmington, Delaware, grant her some type of preliminary injunction, and allow her leave to amend.  (D.I. 11)  Plaintiff states that she is scared because she is a female inmate in a male prison.  Plaintiff explains that she was housed in the W-Building when prison personnel attempted to transfer her to the D-Building, a building with known regular threats of rape.  Plaintiff refused, was transferred to the Security Housing Unit ("SHU"), issued a write-up, found guilty, and given a sanction of 25 days of loss of all privileges.  Plaintiff

asserts that the punishment is being used against her to house her in SHU instead of less restrictive housing such as that at BWCI. Plaintiff also seeks leave to amend.

In the second motion (which contains the caption of Civ. No. 20-491-LPS), titled as an motion for emergency joinder and TRO, Plaintiff asks the Court to review the complaint filed in Civ. No. 20-491-LPS, and to grant preliminary injunctive relief or any relief the Court can grant. (D.I. 17) Plaintiff explains that the pandemic is causing an overwhelming burden and emergency action is needed by the Court due to the "extreme emergency of serious physical injury." (D.I. 17) The motion also contains a motion for emergency joinder.

In the third motion (which contains the caption of Civ. No. 20-491-LPS), Plaintiff complains that a correctional officer is targeting her spouse and trying to cause problems in their marriage. (D.I. 23) Plaintiff states that she has "classification" next month and her spouse is unhappy that the prison is talking early release because it does not have the resources for Plaintiff's surgeries. (*Id.*) Apparently, communication between Plaintiff and her spouse was blocked or delayed causing confusion and, because of this, Plaintiff seeks injunctive relief to allow communication between the two until her spouse is released. (*Id.*) The motion is titled as a motion for expedited preliminary injunction.

A preliminary injunction is "an extraordinary remedy that should be granted only if: (1) the plaintiff is likely to succeed on the merits; (2) denial will result in irreparable harm to the plaintiff; (3) granting the injunction will not result in irreparable harm to the defendant; and (4) granting the injunction is in the public interest." *NutraSweet Co. v. Vit-Mar Enterprises, Inc.*, 176 F.3d 151, 153 (3d Cir. 1999) ("*NutraSweet II*"). These elements also apply to temporary restraining orders. *See NutriSweet Co. v. Vit-Mar Enterprises., Inc.*, 112 F.3d 689, 693 (3d Cir. 1997) ("*NutraSweet I*") (temporary restraining order that continues beyond time permissible under Rule 65 must be treated

as preliminary injunction, and must conform to standards applicable to preliminary injunctions). "[F]ailure to establish any element in [a plaintiff's] favor renders a preliminary injunction inappropriate." *NutraSweet II*, 176 F.3d at 153.  Furthermore, because of the intractable problems of prison administration, a request for injunctive relief in the prison context must be viewed with considerable caution.  *See Rush v. Correctional Med. Services, Inc.*, 287 F. App'x 142, 144 (3d Cir. July 31, 2008) (citing *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995)).

As to the first motion, and following a review of Plaintiff's claims, the Court concludes that she has not demonstrated the likelihood of success on the merits.  The United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution, whether it be inside the state of conviction, or outside that state.  *See Olim v. Wakinekona,* 461 U.S. 238, 251(1983).  The Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose.  *See Walls v. Taylor*, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing *Brathwaite v. State*, No. 169, 2003 (Del. Dec. 29, 2003)).  Further, transfer of a prisoner from one classification is unprotected by "'the Due Process Clause in and of itself,'" even though the change in status involves a significant modification in conditions of confinement.  *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (citation omitted); *see also Moody v. Daggett*, 429 U.S. 78 (1976 ).

As to the second motion, injunctive relief is not required for the Court to review filings under the Prison Litigation Reform Act.  Therefore, the motion will be denied.  The Court will also deny the motion for joinder.

As to the third motion, Plaintiff has not demonstrated the likelihood of success on the merits.  Unauthorized communication between inmates is considered a security threat by the Delaware Department of Correction.  *See Biggins v. Wiley*, 2013 WL 4511632, at *2 (D. Del Aug. 22, 2013).  The Court will also deny the motion to expedite.

Accordingly, the motions for injunctive relief will be denied as will the motions for leave to amend, for joinder, and to expedite.

## III.   CONCLUSION

For the above reasons, the Court will deny Plaintiff's motion for stay or consolidation (D.I. 9), emergency motion for leave to amend and preliminary injunction (D.I. 11), motion for emergency joinder and temporary restraining order (D.I. 17), and motion for expedited preliminary injunction (D.I. 23).

An appropriate order will be entered.

May 28, 2020  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE